Drew H. Sherman, SBN 237045
drew.sherman@adlilaw.com
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 1750
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiff
Tanya Malch, a/k/a Tanya Petrovna

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANYA MALCH, a/k/a TANYA PETROVNA, an individual,<br><br>              Plaintiff,<br><br>      vs.<br><br>DANIEL G. DOLAN, an individual; ANDREA MCGINTY, an individual; NATIVE FOODS HOLDINGS, LLC, a Nevada Limited Liability Company; NATIVE FOODS ILLINOIS, LLC, an Illinois Limited Liability Company; NATIVE FOODS ILLINOIS WHOLESALE, LLC, an Illinois Limited Liability Company; NATIVE FOODS MANAGEMENT, LLC, a Nevada Limited Liability Company; NATIVE FOODS CLARK STREET, LLC, an Illinois Limited Liability Company; NATIVE FOODS WHOLESALE, LLC, a Nevada Limited Liability Company; NATIVE FOODS CALIFORNIA, LLC, a | Case No.<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF CONTRACT; INFRINGEMENT OF COMMON LAW RIGHTS OF PUBLICITY; VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344; UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ.; FEDERAL UNFAIR COMPETITION; COMMON LAW TRADEMARK INFRINGEMENT; PALMING OFF**<br><br>**DEMAND FOR JURY TRIAL** |

Nevada Limited Liability Company;
NATIVE FOODS BUCKTOWN, LLC,
an Illinois Limited Liability Company;
NATIVE FOODS HOLDING
CORPORATION, a Delaware
Corporation; and DOES 1 through 100,
inclusive

Defendants.

Plaintiff Tanya Malch, a/k/a Tanya Petrovna ("Plaintiff" or "Malch") hereby complains and alleges as follows against Defendants DANIEL G. DOLAN, ANDREA MCGINTY, NATIVE FOODS HOLDINGS, LLC, NATIVE FOODS ILLINOIS, LLC, NATIVE FOODS ILLINOIS WHOLESALE, LLC, NATIVE FOODS MANAGEMENT, LLC, NATIVE FOODS CLARK STREET, LLC, NATIVE FOODS WHOLESALE, LLC, NATIVE FOODS CALIFORNIA, LLC, NATIVE FOODS CALIFORNIA, LLC, NATIVE FOODS BUCKTOWN, LLC, NATIVE FOODS HOLDING CORPORATION; and DOES 1-100 (collectively "Defendants"):

## I.

## <u>JURISDICTION</u>

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) in that Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs.  The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.  This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

**COMPLAINT**

2.     The Plaintiff is informed and believes, and thereon alleges that this Court has personal jurisdiction over the Defendants because they have a continuous, systematic, and substantial presence within this judicial district.

3.     The Plaintiff is informed and believes, and thereon alleges that this Court has personal jurisdiction over the Defendants because the Defendants also did business in this judicial district, prior to the date hereof, with respect to the causes of action on which the complaint is based, such as entering into and breaching the contract at issue, using the Plaintiff's rights of publicity for their own benefit, and using the Plaintiff's rights of publicity to deprive Plaintiff of customers and business.

4.     The Plaintiff is informed and believes, and thereon alleges that this Court has personal jurisdiction over the Defendants because the Defendants also took actions which caused effects here in this judicial district such as breaching the contract at issue, using the Plaintiff's rights of publicity for their own benefit, and using the Plaintiff's rights of publicity to deprive Plaintiff of customers and business.

5.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and (c).

## II.
## PARTIES

6.     Plaintiff is a resident of California who was a party to the contract at issue, whose name and likeness was used by the Defendants, and who is a competitor of the Defendants.

7.     Plaintiff is informed and believes, and thereon alleges, that Native Foods Holdings, LLC ("NFH") is a Nevada limited liability company with its principal place of business at 2756 N. Green Valley Parkway, Suite 9097, Henderson, NV 89014.

8.     Plaintiff is informed and believes, and thereon alleges, that Native Foods California, LLC ("NFC") is a Nevada limited liability company with its principal place of business at 2756 N. Green Valley Parkway, Suite 9097, Henderson, NV 89014.

9.     Plaintiff is informed and believes, and thereon alleges, that Native Foods Management, LLC ("NFM") is a Nevada limited liability company with its principal place of business at 2756 N. Green Valley Parkway, Suite 9097, Henderson, NV 89014.  NFM is also registered as a foreign LLC with the Illinois Secretary of State, but lists the principal office as 500 N. Dearborn St., Suite 1000, Chicago, IL 60654.

10.     Plaintiff is informed and believes, and thereon alleges, that Native Foods Wholesales, LLC ("NFW") is a Nevada limited liability company with its principal place of business at 2756 N. Green Valley Parkway, Suite 9097, Henderson, NV 89014.

11.     Plaintiff is informed and believes, and thereon alleges, that Native Foods Illinois, LLC ("NFI") is an Illinois limited liability company with its principal place of business at 500 N. Dearborn St., Suite 1000, Chicago, IL 60654.

12.     Plaintiff is informed and believes, and thereon alleges, that Native Foods Illinois Wholesale, LLC ("NFIW") is an Illinois limited liability company with its principal place of business at 500 N. Dearborn St., Suite 1000, Chicago, IL 60654.

13.     Plaintiff is informed and believes, and thereon alleges, that Native Foods Clark Street, LLC ("NFCS") is an Illinois limited liability company with its principal place of business at 500 N. Dearborn St., Suite 1000, Chicago, IL 60654.

14.     Plaintiff is informed and believes, and thereon alleges, that Native Foods Bucktown, LLC ("NFBT") is an Illinois limited liability company with its principal place of business at 500 N. Dearborn St., Suite 1000, Chicago, IL 60654.

15.     Plaintiff is informed and believes, and thereon alleges, that Native Foods Holdings Corporation ("NFHC") is a Delaware corporation, ,that was previously registered as an Illinois foreign corporation, with its principal place of business at 500 N. Dearborn St., Suite 1000, Chicago, IL 60654.

16.     Plaintiff is informed and believes and thereon alleges that, Defendant Daniel Dolan ("Dolan") is an individual residing in both Illinois and California, and, at all times herein, was and is a managing member of NFH, NFC, NFM, NFW, NFI,

NFIW, NFCS, NFBT, and the sole shareholder, director, and CEO of NFHC.

17.     Plaintiff is informed and believes and thereon alleges that, Defendant Andrea McGinty ("McGinty") is an individual residing in both Illinois and California, and, at all times herein, was and is a managing member of NFH, NFC, NFM, NFW, NFI, NFIW, NFCS, NFBT, and the director and an officer of NFHC.

18.     Plaintiff is informed and believes and thereon alleges that Defendants NFH, NFC, NFM, NFW, NFI, NFIW, NFCS, NFBT, and NFHC consist of the same members, directors, officers and employees and are operating as the same address.

19.     Plaintiff is informed and believes, and thereon alleges that NFC, NFM, NFW, NFI, NFIW, NFCS, NFBT, and NFHC are the heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and/or assigns of NFH, Dolan, and McGinty.

20.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, partnership, or otherwise of each of the Defendants sued herein as Does 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names.  Such unnamed defendants include, but are not limited to:  (a) officers and/or directors who acted in concert with Defendants against Plaintiff; (b) other entities affiliated with Defendants that acted in concert with Defendants against Plaintiff; and (c) individuals or entities with whom Defendants acted in concert with Defendants against Plaintiff.  Plaintiff reserves the right to name such Does as discovery from Defendants reveal their identities.

21.     Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein as a Doe was and is negligently, intentionally, or both negligently and intentionally responsible in some manner for the occurrences herein alleged, and the injuries and damages suffered by Plaintiff as herein alleged were the direct and proximate result of, and caused by the acts and omissions of the Defendants.

22.   All of the Defendants, including the Doe Defendants, are alleged to be co-conspirators with each other, in that each agreed to participate and participated in the furtherance of the objective of a civil wrong as alleged in this Complaint.

23.   Plaintiff is informed and believes and thereon alleges that each Defendant entered into a conspiracy and agreement with the other Defendants and/or subsequently joined said conspiracy and ratified the prior acts and conduct of the Defendants who had previously entered into said conspiracy.  Plaintiff is currently unaware of when each Defendant joined said conspiracy and, upon information and belief, alleges that Defendant joined said conspiracy and, upon information and belief, alleges that all Defendants have knowingly, maliciously, and willfully entered into said conspiracy, which continues until this day.   The purposes of this ongoing conspiracy include, but are not limited to, the wrongs alleged herein.  All Defendants' acts and failures to act as alleged herein were perpetrated in furtherance of the ongoing conspiracy.

24.   Plaintiff is informed and believes and thereon alleges that, at all times material herein, each of the Defendants was the agent, employee and/or working in concert with the other Co-Defendants and was acting within the course and scope of such agency, employment and/or concerted activity.

25.   To the extent that certain acts and omissions were perpetrated by certain Defendants, the remaining Defendant or Defendants confirmed and ratified said acts and omissions.

26.   Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

27.   Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendants in this Complaint but were employees/agents of each other Defendant, such individuals acted on behalf of each Defendant within the scope

of their employment.

28.   At all times relevant, each Defendant was the employer, joint employer, and/or agent of each of the Co-Defendants.

29.   Plaintiff is informed and believes and thereon alleges that Defendants were associated or affiliated with one or more of the other Defendants in connection with matters and conduct sued upon herein.  Plaintiffs allege that each Defendant was acting with one or more of the other Defendants pursuant to a common scheme, course of action, enterprise or conspiracy and each Defendant is liable to Plaintiff for the events happenings and damages alleged herein.

30.   Plaintiff is informed and believes, and thereon alleges that Defendants Dolan, McGinty, and DOES 1 through 50 ("Individual Defendants") are, and at all relevant times herein were, owners of all or a controlling interest of NFH, NFC, NFM, NFW, NFI, NFIW, NFCS, NFBT, NFHC, and DOES 51 through 100 ("Entity Defendants"), and that there existed between the Individual Defendants and Entity Defendants, and each of them, a unity of interest and ownership, such that any individuality or separateness of such Defendants never existed or has ceased, and that the Entity Defendant are the alter egos of the Individual Defendants, and each other.

31.   Plaintiff is informed and believes and thereon alleges that Individual Defendants dominated and controlled the business affairs of the Entity Defendants, and each of them.  As a result, adherence to the fiction of a separate existence between such Defendants would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

32.   Plaintiff is informed and believes and thereon alleges that the Court can pierce the corporate veil of the Entity Defendants and hold Individual Defendants individually liable because of the improper activities as follows:

a.   Defendants failed to maintain or observe corporate formalities when they violated Corporate By Laws by refusing to hold proper Board of Director meetings and refused to hold Annual

Shareholder Meetings;

b. Defendants failed to maintain or observe corporate formalities when they prevented shareholders to regularly elect the Board of Directors in violation of the Corporate By Laws;

c. Defendants failed to maintain or observe corporate formalities when they failed to keep minutes or file corporate tax returns;

d. Individual Defendants commingled corporate fund with their personal funds;

e. Individual Defendants used their residence as the Entity Defendants' business addresses; and

f. Individual Defendants under-capitalized the Entity Defendants.

33. Based upon the foregoing, Plaintiff is informed and believes, and thereon alleges that the Entity Defendants are the alter egos of the Individual Defendants and each other, therefore, Plaintiff may proceed against all Defendants directly, as they are each liable jointly and severally for any and all damages suffered by Plaintiff.

34. Whenever appearing in this Complaint, all references to "Defendant(s)" is intended to be, and shall be deemed, a reference to all Defendants in this action, and each of them, named and unnamed, including all fictitiously named Defendants.

## III.

## FACTUAL ALLEGATIONS

35. Plaintiff is a leading chef for vegan cuisine. She has been a leading chef in Vegan cuisine for approximately twenty-five (25) years.

36. Throughout her career, Plaintiff has been regularly hired by worldwide dignitaries, politicians, and celebrities, for public and private events, to prepare vegan cuisine.

37. Throughout her career, Plaintiff has been regularly hired by well known restaurants and restaurateurs to consult on vegan options for their commercial menus.

38. Throughout her career, Plaintiff has been regularly featured on news,

7

**COMPLAINT**

informational, and educational programs worldwide as a leading chef of vegan cuisine speaking about the preparation and benefits of vegan cuisine.

39.    Plaintiff is known worldwide and has gained celebrity recognition worldwide.

40.    Plaintiff has also come to be known worldwide under her professional name, "Chef Tanya."  Plaintiff began using the moniker Chef Tanya as a way to designate her vegan chef services in or around 1990.

41.    Plaintiff is informed and believes, and thereon alleges that she has common law trademark rights to "Chef Tanya" as she was the first in the market to use the mark to designate vegan chef services.

42.    In or about 1990, Plaintiff began a chain of vegan restaurants in the Palm Springs/Palm Desert area called Native Foods.

43.    The Native Foods restaurant chain increased throughout the Southern California area, expanding into Los Angeles and Orange County.  By 2008, there were approximately 5 restaurants in the Southern California area.

44.    In 2008, Plaintiff was approached by the Defendants in regards to the Defendants purchasing the Native Foods Restaurant brand from the Plaintiff so that the chain could expand nationwide.  Defendants had represented that they had previously expanded multiple restaurants chains nationwide.

45.    In or around 2008, Defendants and Plaintiff entered into various agreements whereby Defendants acquired the Native Foods restaurants.

46.    Included with those agreements was an employment agreement for Plaintiff's executive services.

47.    In or about the beginning of 2011, it became clear to Plaintiff that Defendants were not committed to the founding principles of native Foods, specifically including, but not limited to, the vegan diet.

48.    Further, starting in 2010, Defendants were not been able to perform on their compensation obligations to Plaintiff according to their employment agreement

with Plaintiff.

49.     Plaintiff and Defendants formally separated on October 31, 2012 via a settlement and release agreement (the "Contract").

50.     The Contract was jointly negotiated and all parties were represented by counsel.

51.     The Contract calls for its interpretation under California Law.

52.     The Contract bound the parties and their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and/or assigns

53.     The Contract required that Defendants cease using any of the Plaintiff's name, likeness, image, including all name of and references to the Plaintiff and her words, quotations, and photographs by November 20, 2013.

54.     The Contract provides that any violation of its terms would allow for the aggrieved party to seek equitable and legal remedies, and that the prevailing party would be entitled to attorneys fees and costs.

## FIRST CAUSE OF ACTION

### *Breach of Contract*

### *(Against All Defendants)*

55.     Plaintiff repeats and re-alleges allegations 1through 54 as set forth above as if set forth fully herein.

56.     Plaintiff has performed all acts, conditions, covenants, promises and other obligations required to be performed by it pursuant to the terms of the Contract, except as prevented or excused by Defendants' conduct or by operation of law.

57.     Section H of the Contract only allowed the Defendants to continue to use the Plaintiff's name, likeness, and image, and references to the Plaintiff and her words, quotations, and photographs through November 20, 2013.

58.     Plaintiff is informed and believes, and thereon alleges that Defendants has continued to use Plaintiff's name, image, and likeness and references to the

Plaintiff and her words, quotations, and photographs beyond November 20, 2013 and through the date of this pleading in, at least, its California and Chicago locations, as well as on the internet in their videos on their Youtube channel on www.youtube.com.

59.   As a direct and proximate result of the breaches of the Agreements, Plaintiff suffered and continues to suffer damages in an amount according to proof at trial, but not less than $1,000,000.

## SECOND CAUSE OF ACTION

### *Invasion of Privacy; Common Law Infringement of Rights of Publicity*
### *(Against All Defendants)*

60.   Plaintiff repeats and re-alleges allegations 1through 59 as set forth above as if set forth fully herein.

61.   Plaintiff is informed and believes, and thereon alleges that Defendants has continued to use Plaintiff's name, image, and likeness and references to the Plaintiff and her words, quotations, and photographs beyond November 20, 2013 and through the date of this pleading in, at least, its California and Chicago locations, as well as on the internet in their videos on their Youtube channel on www.youtube.com.

62.   Defendants did not have Plaintiff's permission to use Plaintiff's name, image, and likeness and references to the Plaintiff and her words, quotations, and photographs beyond November 20, 2013.

63.   Plaintiff is informed and believes, and thereon alleges that Defendants use of Plaintiff's name, image, and likeness and references to the Plaintiff and her words, quotations, and photographs beyond November 20, 2013 and through the date of this pleading in, at least, its California and Chicago locations, as well as on the internet in their videos on their Youtube channel on www.youtube.com gave Defendants a commercial advantage by gaining customers and revenues they would not have otherwise realized because of Plaintiff's notoriety worldwide as a leading vegan chef.

64.   As a direct and proximate result of the Defendants misappropriation of

Plaintiff's name, image, and likeness and references to the Plaintiff and her words, quotations, and photographs, Plaintiff suffered and continues to suffer damages in an amount according to proof at trial, but not less than $1,000,000.

65.    Plaintiff is informed and believes, and thereon alleges that said misappropriation was made intentionally to deprive Plaintiff of her rights of publicity.

### **THIRD CAUSE OF ACTION**

*Violation of California Civil Code Section 3344*

*(Against All Defendants)*

66.    Plaintiff repeats and re-alleges allegations 1through 65 as set forth above as if set forth fully herein.

67.    Plaintiff is informed and believes, and thereon alleges that Defendants has continued to use Plaintiff's name, image, and likeness and references to the Plaintiff and her words, quotations, and photographs beyond November 20, 2013 and through the date of this pleading in, at least, its California and Chicago locations, as well as on the internet in their videos on their Youtube channel on www.youtube.com.

68.    Defendants did not have Plaintiff's permission to use Plaintiff's name, image, and likeness and references to the Plaintiff and her words, quotations, and photographs beyond November 20, 2013.

69.    Plaintiff is informed and believes, and thereon alleges that said misappropriation was made intentionally because Defendants knew of Plaintiff's notoriety worldwide as a leading vegan chef.

70.    Plaintiff is informed and believes, and thereon alleges that Defendants misappropriated Plaintiff's name, image, and likeness and references to the Plaintiff and her words, quotations, and photographs beyond November 20, 2013 for the purposes of advertising, selling their products, and soliciting the purchase of their goods and services.

71.    Plaintiff is informed and believes, and thereon alleges that Defendants

realized a commercial advantage by gaining customers and revenues they would not have otherwise realized through the use of Plaintiff's name, image, and likeness and references to the Plaintiff and her words, quotations, and photographs.

72.    As a direct and proximate result of the Defendants misappropriation of Plaintiff's name, image, and likeness and references to the Plaintiff and her words, quotations, and photographs, Plaintiff suffered and continues to suffer damages in an amount according to proof at trial, but not less than $1,000,000.

## FOURTH CAUSE OF ACTION

### *Unlawful, Unfair and Fraudulent Business Practices*
### *Violation of California Business & Professions Codes §§17200, et seq.*
### *(Against All Defendants)*

73.    Plaintiff repeats and re-alleges allegations 1through 72 as set forth above as if set forth fully herein.

74.    This is a claim for unfair competition, arising under California Business & Professions Code § 17200, et seq. and California common law.

75.    Defendants' acts of common law invasion of privacy, infringement of statutory rights of publicity, common law trademark infringement and false designation of origin (see below) complained of herein constitute unfair competition under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200 et seq.

76.    Plaintiff is informed and believes, and thereon alleges, that Defendants, as direct competitors of Plaintiff, have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' unfair competition in an amount that is not presently known to Plaintiff.   By reason of Defendants' wrongful acts as alleged in this Complaint, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

77.    By their actions, Defendants have injured and violated the rights of Plaintiff and have irreparably injured Plaintiff, and such irreparable injury will

continue unless Defendants are enjoined by this Court.

78.     As a direct and proximate result of the Defendants misappropriation of Plaintiff's name, image, and likeness and references to the Plaintiff and her words, quotations, and photographs, Plaintiff suffered and continues to suffer damages in an amount according to proof at trial, but not less than $1,000,000.

## FIFTH CAUSE OF ACTION

### *Federal Unfair Competition and False Designation of Origin*

### *(15 U.S.C. §1125(a))*

### *(Against All Defendants)*

79.     Plaintiff repeats and re-alleges allegations 1through 78 as set forth above as if set forth fully herein.

80.     Plaintiff is informed and believes, and thereon alleges that Defendants' continue to use of the "Chef Tanya" mark in their restaurants, websites, and on advertising and promotion materials.

81.     Plaintiff is informed and believes, and thereon alleges that Defendants' continue use of the "Chef Tanya" mark in their restaurants, websites, and on advertising and promotion materials constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person, or as to the origin, sponsorship, or approval of the Defendants commercial activities by Plaintiff.

82.     Plaintiff is informed and believes, and thereon alleges that Defendants' continue use of the "Chef Tanya" mark in their restaurants, websites, and on advertising and promotion materials constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendants' commercial activities and products.

83.     Plaintiff is informed and believes, and thereon alleges that such conduct

by Defendants is likely to confuse, mislead, and deceive Plaintiff's customers, purchasers, and members of the public as to the origin of the Defendants' services and products or cause said persons to believe that Defendants and/or its products have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, when they are not.  In fact, Plaintiff has received communications from the general public inquiring if she is still associated with Defendants.

84.   Plaintiff is informed and believes, and thereon alleges that Defendants actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

85.   Plaintiff is informed and believes, and thereon alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from their false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Plaintiff. By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

86.   Due to Defendants' actions, Plaintiff has suffered and continues to suffer great and irreparable injury.

## FIFTH CAUSE OF ACTION

### *Common Law Trademark Infringement*

### *(Against All Defendants)*

87.   Plaintiff repeats and re-alleges allegations 1through 86 as set forth above as if set forth fully herein.

88.   Plaintiff is informed and believes, and thereon alleges, that Defendants' acts complained of herein are willful and deliberate and committed with knowledge that Defendants' unauthorized use of the Chef Tanya mark causes a likelihood of

confusion.  In fact, Plaintiff has received communications from the general public inquiring if she is still associated with Defendants.

89.    Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received and will continue to derive and receive, gains, profits and advantages from Defendants' trademark infringement in an amount that is not presently known to Plaintiff. By reason of Defendants' wrongful acts as alleged in this Complaint, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

90.    Due to Defendants' trademark infringement, Plaintiff has suffered and continues to suffer great and irreparable injury for which Plaintiff has no adequate remedy at law.

91.    Defendants' willful acts of trademark infringement under common law constitute fraud, oppression, and malice. Accordingly, Plaintiff is entitled to exemplary damages.

### SIXTH CAUSE OF ACTION

***Palming Off***

***(Against All Defendants)***

92.    Plaintiff repeats and re-alleges allegations 1through 91 as set forth above as if set forth fully herein.

93.    As set forth above, Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, have used marks which closely resemble and are substantially indistinguishable from her trademarks without her consent.

94.    In fact, Plaintiff has received communications from the general public inquiring if she is still associated with Defendants.

95.    Plaintiff is informed and believes, and thereon alleges, that Defendants' use of marks which are identical, closely resemble, or are substantially indistinguishable from Plaintiff's trademarks without Plaintiff's consent constitutes a false designation of origin, false or misleading description of fact, or false or

misleading representation of fact, which has and is likely to further cause confusion, or to cause mistake, or to deceive as to the source of Defendants' services.

96.   Such conduct by Defendants has and is likely to further confuse, mislead, and deceive Plaintiff's and Defendants' customers and members of the public as to the origin of Defendants' services and products, or cause said persons to believe that Defendants and/or their products have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, when they are not.

97.   Plaintiff is informed and believes, and thereon alleges, that Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

98.   Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Plaintiff.

99.   By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

100.   Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION

### *False Advertising*

### *Violation of California Business & Professions Codes §§17500, et seq.*

### *(Against All Defendants)*

101.   Plaintiff repeats and re-alleges allegations 1through 100 as set forth above as if set forth fully herein.

102.   As set forth above, Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, have used marks in their advertising which closely resemble and are substantially indistinguishable from her trademarks without her consent.

103.   In fact, Plaintiff has received communications from the general public inquiring if she is still associated with Defendants.

104.   Plaintiff is informed and believes, and thereon alleges, that Defendants' use of marks which are identical, closely resemble, or are substantially indistinguishable from Plaintiff's trademarks without Plaintiff's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which has and is likely to further cause confusion, or to cause mistake, or to deceive as to the source of Defendants' services.

105.   Such conduct by Defendants has and is likely to further confuse, mislead, and deceive Plaintiff's and Defendants' customers and members of the public as to the origin of Defendants' services and products, or cause said persons to believe that Defendants and/or their products have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, when they are not.

106.   Plaintiff is informed and believes, and thereon alleges that Defendants' actions were undertaken in an attempt to divert and secure Plaintiff's customers and business from Plaintiff.

107.   Plaintiff is informed and believes, and thereon alleges, that Defendants'

actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

108. Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Plaintiff.

109. By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

110. Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in its favor against Defendants for the following relief:

A. A preliminary and permanent injunction against Defendants, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1. using Plaintiff's name, image, and likeness and references to the Plaintiff and her words, quotations, and photographs;

2. using the words "Chef Tanya;"

3. falsely designating the origin of Defendants' services;

4.      unfairly competing with Plaintiff in any manner whatsoever;

5.      making false or misleading statements, descriptions of fact, or false or misleading representations of fact; and

6.      causing a likelihood of confusion or injuries to Plaintiff's business reputation.

B.      That Defendants' be required to account for any and all profits derived by their acts of trademark infringement, false designation of origin, unfair competition, and infringement of the rights of publicity complained of in this Complaint.

C.      That Defendants' acts of trademark infringement, false designation of origin, unfair competition, and infringement of the rights of publicity complained of in this Complaint be deemed willful, that this be deemed an exceptional case, and that Plaintiff be entitled to enhanced damages.

D.      That Plaintiff be awarded damages for Defendants' trademark infringement pursuant to 15 U.S.C. § 1117 in the form of either: (i) Defendants' profits, damages sustained by Plaintiff, and the costs of the action; or (ii)statutory damages pursuant to 15 U.S.C. § 1117(c), at Plaintiff's election before the entry of a final judgment.

E.      That the amount of the profits or damages be increased three times, pursuant to 15 U.S.C. §1117(b), to properly compensate Plaintiff for Defendants' actions.

F.      The Plaintiff be awarded damages for Defendants' common law trademark infringement, and unfair competition pursuant to California Business & Professions Code § 17200 et seq and § 17500.

G.      The Plaintiff be awarded damages pursuant to California Civil Code §3344

H.      That Plaintiff be awarded damages for breach of the Contract.

I.      An award of pre-judgment and post-judgment interest and costs of this action against Defendants.

**COMPLAINT**

J.      Such other and further relief as this Court may deem just.

Respectfully submitted,

Dated: March 17, 2015                    ADLI LAW GROUP P.C.

                                         By:  /s/Drew H. Sherman, Esq._____
                                         Drew H. Sherman, Esq.
                                         Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Tanya Malch, a/k/a Tanya Petrovna hereby demands a trial by jury on all triable claims.


Dated: March 17, 2015                    ADLI LAW GROUP P.C.


                                         By:  /s/Drew H. Sherman, Esq.
                                         Drew H. Sherman, Esq.
                                         Attorney for Plaintiff

---

21
**COMPLAINT**