O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MALCH a/k/a TANYA PETROVNA, | Case No. EDCV 15-00517 DDP (KKx) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART AND DENYING THE MOTION IN PART** |
| DANIEL G. DOLAN, an individual; ANDREA McGINTY, an individual; NATIVE FOOD HOLDINGS, LLC, a Nevada Limited Liability Company; NATIVE FOODS ILLINOIS, LLC, an Illinois Limited Liability Company; NATIVE FOODS ILLINOIS WHOLESALE, LLC, an illinois Limited Liability Company; NATIVE FOODS MANAGEMENT, LLC, a Nevada Limited Liability Company; NATIVE FOOD CLARK STREET, LLC, an Illinois Limited Liability Company; NATIVE FOODS WHOLESALE, LLC, a Nevada Limited Liability Company; NATIVE FOODS CALIFORNIA, LLC, a Nevada Limited Liability Company; NATIVE FOODS BUCKTOWN, LLC, an Illinois Limited Liability Company; NATIVE FOODS HOLDING CORPORATION, a Delaware corporation, | [Dkt. 23] |
| Defendants. | |

Presently before the court is Defendants' Motion to Dismiss.[1] Having considered the submissions of the parties and heard oral argument, the court grants the motion in part, denies the motion in part, and adopts the following Order.

**I.   Background**

Plaintiff Tanya Malch ("Malch"), known professionally as "Chef Tanya," has garnered worldwide fame as a leading chef of vegan cuisine. (Compl. ¶¶ 35-40.) Malch began using the moniker "Chef Tanya" around 1990 to designate her vegan chef services. (Compl. ¶ 40.) Also around 1990, Malch began Native Foods, a chain of vegan restaurants that grew by 2008 to include five locations in the Southern California area. (Compl. ¶¶ 42-43.)

In 2008, Native Foods Holdings LLC ("NFH") purchased a majority interest in Native Foods, planning to expand the chain nationwide and agreeing to employ Malch for her executive services. (Compl. ¶¶ 45-46; Mot. to Dismiss at 3.) As early as 2010, however, the relationship between Malch and Native Foods began to deteriorate. (Compl. ¶¶ 47-48).

Malch formally separated from Native Foods on October 31, 2012, and executed a settlement and release agreement ("the Agreement") signed by Defendants NFH, Daniel G. Dolan ("Dolan"), and Andrea McGinty ("McGinty"). (Compl. ¶ 49; Dolan Decl. ¶ 3, Apr. 29, 2015.) The Agreement required cessation of use of "Malch's name, image, or likeness" by November 20, 2013, and bound the parties and "their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries,

---

[1] As discussed herein, different groups of Defendants move to dismiss different portions of the Complaint, for varying reasons.

2

affiliates, partners, limited partners, successors, and assigns" ("assigns"). (Compl. ¶¶ 52-53; Opp'n Ex. A, at 8-9.)

Although the Agreement required ceasing the use of "Malch's name, image, or likeness" by November 20, 2013, on dates beyond November 20, 2013, a Native Foods restaurant in Orange County, California, a Native Foods restaurant in Chicago, Illinois, displayed murals that included a reference to "Chef Tanya". (Compl. ¶ 58; Dolan Decl. ¶ 5, Apr. 29, 2015.) Additionally, on dates beyond November 20, 2013, Native Food Restaurants' website included a link to a YouTube video of Malch's name, image, or likeness. (Compl. ¶ 58; Dolan Decl. ¶ 5, Apr. 29, 2015.)

Malch's Complaint alleges eight causes of action: (1) breach of contract; (2) invasion of privacy; (3) violation of California Civil Code § 3344; (4) unlawful, unfair, and fraudulent business practices in violation of California Business & Professions Code § 17200; (5) federal unfair competition and false designation of origin; (6) trademark infringement; (7) palming off; and (8) false advertising in violation of California Business & Professions Code § 17500.

The Complaint names eleven defendants. Defendant NFH is a shareholder in Native Foods Holding Corporation ("NFCorp"). (Dolan Decl. ¶ 1.) NFCorp is the parent holding corporation of several subsidiary LLCs: Native Foods Illinois LLC ("NFILL"), Native Foods Illinois Wholesale LLC ("ILLWH"), Native Foods Management LLC, Native Foods Clark Street LLC ("Clark"), Native Foods Wholesale LLC, Native Foods California LLC, and Native Foods Bucktown LLC ("Buck") (collectively with Dolan and McGinty "Native Foods Restaurants"). (Dolan Decl. ¶ 7, Apr. 29, 2015.) NFH, NFCorp,

3

Dolan, McGinty, and these LLCs are all named defendants. (Compl. ¶¶ 6-17.) One Native Foods company is generally responsible for the operations of all restaurants within each company's respective state. (Dolan Decl. ¶ 8.) Six restaurants in Chicago, however, are owned by four Illinois LLCs: NFILL, ILLWH, Clark, and Bucktown. (Id.) NFCorp, the parent of the subsidiary LLCs, files a single consolidated tax return. (Dolan Decl. ¶ 7.) Each LLC, however, maintains its own bank account and transfers money to NFCorp for payroll and vendor payments. (Id.)

Native Foods Restaurants now moves to: (1) dismiss the first claim for failure to state a claim; (2) dismiss the fourth and eighth claims because Malch is not entitled to monetary relief; (3) dismiss the seventh claim as redundant; and (4) dismiss all claims against the out of state defendants for lack of personal jurisdiction.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion

4

"are not entitled to the assumption of truth." Id. at 679. Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make a "short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. 678 (quoting Twombly, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a suit for lack of personal jurisdiction. The plaintiff has the burden of establishing that jurisdiction exists, but need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [the plaintiff's] favor." Love v. Associated Newspapers. Ltd., 611 F.3d 601, 608 (9th Cir. 2010). To determine whether personal jurisdiction exists, district courts apply the law of the state in which they sit. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). Because California's long-arm statute authorizes personal jurisdiction coextensive with the Due Process Clause of the United States Constitution, this Court may exercise personal jurisdiction over a nonresident defendant when that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004) (citing Int'l Shoe

5

Co. v. Washington, 326 U.S. 310, 316 (1945)); Cal. Civ. Code § 410.10. The contacts must be of such quality and nature that the defendants could reasonably expect being haled into court there. World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980).

**III. DISCUSSION**

   A.   Personal Jurisdiction

Several Defendants ("the out-of-state Defendants") argue that they are not subject to this court's personal jurisdiction.[2] Personal jurisdiction may be either general or specific. Ziegler v. Indian River Cnty., 64 F.3d 470, 473 (9th Cir. 2004). General jurisdiction exists over a non resident defendant when "the defendant engages in 'continuous and systematic general business contacts' that 'approximate physical presence' in the forum state." Schwarzenegger, 374 F.3d at 801. Where a defendant is subject to a state's general jurisdiction, he "can be haled into court in that state in any action, even if the action is unrelated to those contacts." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

---

[2] The out-of-state Defendants include Native Foods Illinois LLC, Native Food Illinois Wholesale LLC, Native Foods Management LLC, Native Foods Clark Street LLC, Native Foods Wholesale LLC, Native Foods California LLC, Native Foods Bucktown LLC, and Hative Foods Holding Corporation.

Plaintiff appears to present a twofold argument. First, Plaintiff seems to contend that NFH did business in California at the time the Agreement was executed, that the out-of-state Defendants are successors to NFH, and that NFH's contacts with California should therefore be imputed to the out-of-state Defendants. (Opposition at 13-14.) Defendants, for their part, assert that there is no evidence of successor liability, and that even if there were, successor liability does not create general jurisdiction over out-of-state entities.

Defendants' legal argument notwithstanding, "[t]he contacts of a predecessor can be attributed to a successor in interest if that successor would be liable for the actions of the predecessor under the law of the forum." <u>Galen Investment Advisors, Inc. v. Alcatel</u>, No. C 02-2774 MJJ, 2002 WL 31319900 at *5 (N.D. Cal. Oct. 10, 2002). Plaintiff's argument regarding the existence of successor liability, however, is unclear. Plaintiff asserts that "since Defendants admit that NFH became an owner and assigned its parent company obligations and status to NF[Corp] . . . necessarily, [NFCorp] was the successor in interest and assignee of NFH." (Opposition at 14.) Plaintiff further contends that "since Dolan and McGinty were parties to the Separation Agreement as well, . . . [NFCorp] must be a successor in interest and assignee of Dolan And McGinty . . . ." (Opp. at 14-15.)

The assumption, either express or implied, of a predecessor's liabilities is indeed a basis for successor liability. <u>See</u> <u>CenterPoint Energy, Inc. v. Superior Court</u>, 157 Cal. App. 4th 1101, 1120 (2007). Plaintiff's contentions, however, are unsupported by any specific citation to the record and are insufficient to

7

establish that the out-of-state Defendants, or which of them, agreed to assume NFH's liabilities.[3]

Second, Plaintiff appears to argue that the out-of-state Defendants are alter egos of some entity over which there is personal jurisdiction. (Opposition at 15.) Where any alter ego defendant is subject to jurisdiction in the forum, all alter ego defendants are held to have the requisite presence for jurisdiction within the forum. Certified Bldg. Products, Inc. v. NLRB, 528 F.2d 968 (9th Cir. 1976). Alter egos must have such a unity of interest and ownership that the individuality of the person and corporation cease to exist. In re Schwarzkopf, 626 F.3d 1032, 1038 (9th Cir. 2010). A wide variety of factors may be pertinent to the alter ego inquiry, depending on the circumstances of the particular case. Assoc. Vendors, Inc. v. Oakland Meat Co., 210 Cal. App. 2d 825, 838 (1962). These factors include, but are not limited to, commingling of funds, unauthorized diversion of corporate funds to other uses, failure to maintain adequate corporate records, sole or family ownership of all of the stock in a corporation, failure to adequately capitalize a corporation, use of a corporation as a conduit for the business of an individual, disregard of legal formalities, and diversion of assets from a corporation to a stockholder to the detriment of creditors. Schwarzkopf, 626 F.3d at 1038; Zoran Corp. v. Chen, 185 Cal. App. 4th 799, 811-12 (2010); Assoc. Vendors, 210 Cal. App. 2d at 838-39.

---

[3] The role of Native Foods California LLC is particularly unclear. While the Complaint names Native Foods Califonia, LLC, a Nevada corporation, as a Defendant, certain evidence appears to concern a similarly-named, but distinct, California corporation.

It is Plaintiff's burden to make a prima facie showing that personal jurisdiction exists and that the out-of-state Defendants are alter egos. See Vista v. USPlabs, LLC, No. 14-cv-00378-BLF, 2014 WL 5507648 at *1-2 (N.D. Cal. Oct. 30, 2014); Pelican Commc'ns, Inc. v. Schneider, No. C-14-4371 EMC, 2015 WL 527472 at *2 (N.D. Cal. Feb. 6, 2015). While uncontroverted allegations in the Complaint must be taken as true, a plaintiff must produce some evidence to counter evidence presented by a defendant to challenge alter ego liability. Pelican, 2015 WL 527472 at *2.

Here, the Complaint alleges a unity of interests between the Native Foods Restaurants Defendants such that individuality or separateness of these defendants never existed or has ceased. (Compl. ¶ 30.) Plaintiff contends that Native Foods Restaurants disregarded legal formalities by refusing to hold proper board meetings or hold Annual shareholder meetings and by preventing shareholders from electing the Board of Directors. (Compl. ¶ 32.) Further, Plaintiff contends Native Foods Restaurants failed to maintain adequate corporate records because they failed to keep minutes or file corporate tax returns, that individual defendants commingled corporate and personal funds, and that the corporate entities were under-capitalized. (Id.)

Defendants dispute these allegations, and put forth the Declaration of Defendant Dolan. Though Dolan's declaration is not extensive, he states that all Native Foods entities follow required corporate formalities, that there is no commingling of funds, that the entities are all properly capitalized, and that they all maintain separate bank accounts. (Dolan Declaration ¶ 7.)

9

Plaintiff provides no evidence in response, and instead reasserts the allegations of the Complaint. Plaintiff does cite generally to the declaration of Drew Sherman to support the proposition that every Native Foods location shares one website. (Opp. at 15.) That alone, however, is insufficient to refute Defendants' evidence, weak as it, or to sustain Plaintiff's assertion that "[a] separation of the entities is a sham." (Opp. at 15.) See Pelican, 2015 WL 527472 at *2 ("Had Pelican simply provided its own affidavit or declaration disputing Mr. Schneider's affidavit, then the Court would be presented with a factual dispute which it would have to resolve (at this stage in the proceedings) in Pelican's favor. Pelican's failure to provide any evidence, though, is its undoing. Without any counter-evidence at all, the Court cannot conclude that Pelican has made a prima facie showing of any kind regarding alter ego liability.").

Because Plaintiff has failed to make a prima facie showing of personal jurisdiction over the out-of-state Defendants, all claims against those Defendants are dismissed.[4]

B.  Unfair Business Practices Claims

California's unfair competition law ("UCL") provides only two remedies for private litigants under California Business & Professions Code § 17200: injunctive relief and restitution. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1143 (2003). A private litigant may recover unfairly obtained profits if the "profits represent monies given to the defendant or benefits in

---

[4] Plaintiff's argument regarding specific jurisdiction is dependent upon and duplicative of its arguments regarding successor and alter ego liability.

10

which the plaintiff has an ownership interest." Id. at 41. This restitution is limited to property that was once in the plaintiff's possession or money in which the plaintiff has a vested interest. Id. at 49.

Defendants argue that Malch seeks only damages, which are prohibited under the UCL. (Mot. at 4-5). Indeed, the Complaint alleges that Plaintiff "has been damaged and is entitled to monetary relief" and makes reference to "damages" of at least $1 million. (Complaint ¶¶ 76, 78.) Malch responds that Defendants' argument is merely "a difference in semantics." (Opp. at 9.)

The court is not bound by the terms the plaintiff uses to describe the requested relief; it will conduct its own analysis as to the proper characterization. Korea Supply, 29 Cal. 4th at 48-50. Although Malch is correct that the improper use of terminology to describe the requested relief does not itself bar her recovery, Plaintiff appears to seek impermissible monetary damages rather than restitution. Malch seeks monetary relief because Defendants used and referenced her name, image, and likeness. Plaintiff's attempt to characterize Defendants' actions as misappropriations of intellectual property, in which Plaintiff had a vested interest, is not persuasive. (Opp. at 11.) Plaintiff does not seek the return of any intellectual property, but rather seeks to recover the money that Defendants obtained as a result of their use of Plaintiff's name. "Disgorgement of profits earned by defendants as a result of allegedly unfair practices, where the money sought to be disgorged was not taken from the plaintiff and the plaintiff did not have an ownership interest in the money, is not authorized by the UCL." Lee Myles Associates Copr. V. Paul Rubke Enterprises, Inc., 557 F.

11

1  Supp 2d 1134, 1144 (S.D. Cal. 2008); See also Profant v. Have Trunk
2  Will Travel, No. CV 11-5339-RGK, 2011 WL 6034370 at *4 (C.D. Cal.
3  Nov. 29, 2011) ("A restitution order requires that money or
4  property have been lost by a plaintiff, on the one hand, and that
5  it have been acquired by a defendant, on the other." (internal
6  quotation, alteration, and citation omitted)).

Although not highlighted by either party, however, Plaintiff also seeks injunctive relief. (Compl. ¶ 77; Compl. at 18). Defendants' motion is denied, therefore, insofar as it seeks to dismiss Plaintiff's unfair competition claims in their entirety.

C.  Palming Off Claim

Defendants argue that the Palming Off Claim is redundant of her common law claim for trademark infringement. The selling of goods or services under the name or mark of another is palming off or passing off. Smith v. Montoro, 648 F. 2d 602, 604 (9th Cir. 1981). Courts have, at times, used the terms "trademark infringement" and "passing off" somewhat interchangeably. See, e.g., Westinghouse Elec. Corp. v. Gen. Circuit Breaker & Elec. Supply Inc., 106 F.3d 894, 899 (9th Cir. 1997) ("The essence of the wrong of trademark infringement is the passing off of the goods of one as those of another.") (quotation marks and citation omitted). Courts do, nevertheless, treat common law trademark infringement and passing off as distinct causes of action. See Binder v. Disability Group, Inc., 772 F.Supp.2d 1172, 1178 (C.D. Cal. 2011) ("The policy term 'unfair competition' clearly includes both 'passing off and the narrower tort of trademark infringement.'" (citation omitted); Zynga Game Network Inc. v Erkan, No. 09-3264 SC, 2010 WL 2650503 at * 1 (N.D. Cal. July 1, 2010); PDL, Inc. v.

1  All Star Driving School, No. CIV S-07-0102 WBS, 2007 WL 1515139 at
2  *1 (E.D. Cal. May 22, 20007); See also 4 McCarthy on Trademarks and
3  Unfair Competition § 25:1 (4th ed.).

   D. Breach of Contract Claim

Lastly, Defendants argue that Malch has not adequately plead a breach of contract claim. Under California law, to state a cause of action for a breach of contract, the plaintiff must plead "a contract, plaintiff's performance or excuse for failure to perform, defendant's breach, and damage to plaintiff." McKell v. Washington Mut., Inc., 142 Cal. App. 4th, 227, 253 (2006). The contract may be pled by its terms--reciting it verbatim or attaching and incorporating it--or plead by its legal effect--alleging the substance of its relevant terms. Id. A complaint pled by legal effects is insufficient if a material portion is omitted. Gilmore v. Lycoming Fire Ins. Co., 55 Cal. 123, 124 (1880).

The Complaint neither attaches the Agreement in its entirety nor recites the terms verbatim. Defendants contend that the Complaint fails to adequately plead the essential terms of the Agreement because the Complaint does not properly allege the parties bound by the contract or the nature of the bound parties' obligations. (Reply at 10.)

The court agrees. First, the terms of the Agreement are not sufficiently pleaded to allege the existence of a contract. Although the the Complaint does allege that the Agreement required that "Defendants cease using any of the Plaintiff's name, likeness, image . . . words, quotations, and photographs" by a date certain, there are no allegations regarding consideration or other essential terms of the contract. Furthermore, the Complaint does not

identify the parties to the Agreement.  Notwithstanding the allegation that "all parties" to the Agreement were represented, and that "the parties" were bound by the Agreement, the Complaint does not allege who those parties were.[5]  The breach of contract claim is, therefore, dismissed.

## IV. Conclusion

For the reasons stated above, Defendants' Motion is GRANTED in part and DENIED in part.  Defendants' Motion to Dismiss the palming off claim is DENIED.  Plaintiff's breach of contract claim, and all claims against the out-of-state Defendants, are DISMISSED, with leave to amend.  Plaintiff's unfair competition claims, to the extent they seek damages, are DISMISSED, with leave to amend.  The claims survive with respect to injunctive relief.  Any amended complaint shall be filed within fourteen days of the date of this Order.


IT IS SO ORDERED.


Dated: June 30, 2015

DEAN D. PREGERSON
United States District Judge

---

[5] The Complaint identifies those parties only as "Plaintiff and Defendants."  Notably, Plaintiff does not dispute Defendants' representation that only three of the eleven Defendants, Dolan, McGinty, and NFH, were parties to the Agreement.  Nor could she, as the Agreement, which is attached as Exhibit B to the Declaration of Drew Sherman, clearly indicates that no other defendant was a party.

14