O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MALCH a/k/a TANYA PETROVNA, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL G. DOLAN, an individual; ANDREA McGINTY, an individual; NATIVE FOODS HOLDINGS CORPORATION; et al., <br><br> Defendants. | Case No. EDCV 15-00517 DDP (KKx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART AND DENYING THE MOTION IN PART** <br><br> [Dkt. 55] [Dkt. 59] |

Presently before the court is Defendants' Motion to Dismiss portions of Plaintiff's Fourth Amended Complaint ("FAC"). Having considered the submissions of the parties, the court grants the motion in part, denies the motion in part, and adopts the following Order.

**I. Background**

As described in this court's earlier Orders, Plaintiff Tanya Malch ("Malch"), known professionally as "Chef Tanya," opened a chain of vegan "Native Foods" restaurants that grew by 2008 to

include five locations in the Southern California area. In 2008, Defendants Daniel Dolan and Andrea McGinty ("the Individual Defendants"), through Native Foods Holdings LLC ("NFH"), acquired the restaurants from Malch. Malch continued on with the restaurants in an executive capacity for a time.

Malch formally separated from Native Foods on October 31, 2012, and executed a settlement and release agreement ("the Agreement") signed by Defendants NFH, Dolan, and McGinty. (FAC ¶ 54.) The Agreement required cessation of use of Malch's name, image, or likeness by November 20, 2013, and "bound the parties and their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors, and assigns."[1] (FAC ¶ 60.)

Malch alleges that two Native Foods restaurants in California and Illinois used her name, image, or likeness after the November 20, 2013 deadline set forth in the Agreement, as did videos posted to a Youtube channel associated with Native Foods.[2] Native Food Restaurants' website also included a link to a YouTube video that used Malch's name, image, or likeness.

Prior iterations of Malch's Complaint alleged causes of action against numerous defendants, including the Individual Defendants, Native Foods Holding Corporation ("NFHC") and several of NFHC's out-of-state subsidiaries. (See Order Granting Defendants' Motion to Dismiss In Part, Dkt. 48 at 2.) In an earlier Motion to Dismiss, Defendants contended that this court lacked personal

---

[1] The Agreement is not included in or attached to the FAC.

[2] The FAC describes the YouTube channel as belonging to all named Defendants. (E.g., FAC ¶ 82.)

2

jurisdiction over NFHC and its out-of-state subsidiaries.  This Court disagreed with respect to NFHC, but concluded that Plaintiff had failed to raise a prima facie case that the out-of-state entities were alter egos of the Individual Defendants, and that the court therefore lacked personal jurisdiction over the foreign subsidiaries.  (Id. at 6, 8.)  The court also dismissed Plaintiff's cause of action for damages under California Business & Professions Code § 17500, with prejudice, as that statute does not provide for such recovery.  (Id. at 9-10).  Lastly, the court dismissed Plaintiff's breach of contract claim, with leave to amend.  (Id. at 11.)

Plaintiff filed a Third Amended Complaint, in accordance with this Court's Order.  Plaintiff then filed a Fourth Amended Complaint.[3]  The FAC again alleges seven causes of action against the Individual Defendants and NFHC, as well as against a newly-added defendant, Native Foods California, LLC ("NFCal").[4]  Defendants now move to dismiss the breach of contract claim against NFCal, to again dismiss Plaintiff's Section 17500 claim for damages, and to dismiss all claims against the Individual Defendants other than breach of contract.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

---

[3] As discussed further below, Plaintiff did not obtain Defendants' consent or leave of the court before filing the FAC.

[4] Plaintiff asserts that NFCal is a "subsidiary and affiliate of the parent company NFHC, formerly NFH, a signatory to the contract." (Opposition at 6:7-9.)

3

662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make a "short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. 678 (quoting Twombly, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a suit for lack of personal jurisdiction. The plaintiff has the burden of establishing that jurisdiction exists, but need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [the plaintiff's] favor." Love v. Associated Newspapers. Ltd., 611 F.3d 601, 608 (9th Cir. 2010).

**III. Discussion**

As an initial matter, the court observes that Plaintiff filed the FAC in violation of Federal Rule of Civil Procedure 15. Plaintiff does not dispute that she never received leave of the court to file the FAC. See Fed. R. Civ. P. 15(a)(2). Plaintiff's counsel's suggestion that the parties stipulated that Plaintiff could file the FAC is demonstrably false. No stipulation was filed in this case, and the e-mail exchanges attached by the parties clearly indicate that, to the extent Defendants consented to the filing of a Fourth Amended Complaint, they did so only on the conditions that the breach of contract claim not include NFCal and that the Section 17500 claim make no reference to damages. The FAC that Plaintiff filed does not meet either of these conditions. The court further notes that Plaintiff's Opposition to the instant motion was not timely filed. See C.D. Cal. L.R. 7-9. Although these reasons alone would warrant granting the motion, the court proceeds to the merits of the arguments raised. See C.D. Cal. L.R. 7-12.

A.  Section 17500 Claim

The FAC alleges, as part of its Section 17500 claim, that "Defendants have derived and received . . . gains, profits, and advantages from Defendants' [wrongful acts] in an amount that is not presently known to Plaintiff." (FAC ¶ 124.) Defendants argue that this allegation can have no purpose other than to seek damages. As this court explained in its prior Order, "[d]isgorgement of profits earned by defendants as a result of allegedly unfair practices, where the money sought to be disgorged was not taken from the plaintiff and the plaintiff did not have an ownership interest in the money, is not authorized by the UCL."

<u>Lee Myles Associates Copr. V. Paul Rubke Enterprises, Inc.</u>, 557 F. Supp 2d 1134, 1144 (S.D. Cal. 2008); <u>See also</u> <u>Profant v. Have Trunk Will Travel</u>, No. CV 11-5339-RGK, 2011 WL 6034370 at *4 (C.D. Cal. Nov. 29, 2011) ("A restitution order requires that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other." (internal quotation, alteration, and citation omitted)).

Plaintiff, for her part, asserts that she does not seek damages under Section 17500. (Opposition at 4:4-5.) That being the case, it is unclear to the court how Defendants' derivation of profits is relevant to Plaintiff's claim, or why Plaintiff included this language in the FAC. As Defendants appear to acknowledge in reply, their effort to excise this language would have been more properly brought by motion pursuant to Rule 12(f). (Reply at 3.) Rule 12(f) provides that the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter is that which has no bearing on the claims for relief or the defenses being pled. <u>Whittlestone, Inc. v. Handi-Craft Co.</u>, 618 F.3d 970, 974 (9th Cir. 2010). Although arguing that Defendants' motion is motivated by a sentiment that "there are too many facts alleged," Plaintiff has conceded that she cannot seek damages under Section 17500 and implicitly acknowledged that paragraph 123 of the FAC is immaterial to her Section 17500. Paragraph 123 is, therefore, stricken.

B. Breach of Contract Claim Against NFCal

1    The FAC alleges that only the Individual Defendants and NFHC
2 were the "named parties to the Contract for the Defendants."[5] (FAC
3 ¶ 58.) Nevertheless, the cause of action for breach of contract is
4 alleged against all Defendants, including NFCal. Although the FAC
5 makes some passing reference to NFCal being a successor of the
6 Individual Defendants and NFHC (FAC ¶ 19), Plaintiff contends that
7 the "allegations which give rise to NFCal being subject to the
8 breach of contract cause of action is by the terms of the
9 contract." (Opp. at 6:3-4.) Plaintiff points specifically to her
10 allegation that the Agreement "bound the parties and their heirs,
11 administrators, representatives, executors, divisions, parents,
12 subsidiaries, parents' subsidiaries, affiliates, partners, limited
13 partners, successors, and assigns." (FAC ¶ 60.) Because,
14 Plaintiff argues, NFCal is a subsidiary and affiliate of NFHC, and
15 NFHC is a signatory to a contract, NFCal is therefore also bound by
16 the contract.[6] (Opp. at 6.) Plaintiff cites no authority,
17 however, for her theory that signatories to a contract can bind
18 independent third parties simply by so stating. Plaintiff's cause
19 of action against non-signatory NFCal is dismissed, with prejudice.
20    C.   Non-Contract Claims Against the Individual Defendants
21    Lastly, Defendants move to dismiss all non-contract claims
22 against the Individual Defendants. Specifically, Defendants seek
23 the dismissal of Plaintiff's claims for invasion of privacy,
24 violation of publicity rights, unfair competition, trademark

---

[5] See note 4, above. NFH is not named as a defendant in the FAC.

[6] The FAC does not allege that NFCal is not an independent entity.

7

infringement, palming off, and unfair business practices under Section 17500.  Much of Defendants' argument is a recitation of the alter ego issues raised in the context of personal jurisdiction in this court's prior Order.  The court need not revisit the alter ego issue, however, because Plaintiff asserts that she "did not plead McGinty's and Dolan's liability in the other[, non-contract,] causes of action on alter ego allegations."  (Opp. at 7:22-23.)  Defendants assert that the non-contract claims are based upon the actions of NFHC and NFCal, not the Individual Defendants.  Plaintiff responds that the Individual Defendants "were the driving forces behind all the bad acts alleged.  They took an active role in creating and facilitating all the facts that gave rise to all the causes of action."  (Opp. at 7:25-27 (citations omitted).)

The paragraphs of the FAC to which Plaintiff refers include allegations that the Individual Defendants "operated and controlled, as the sole decision makers, for all the Native Foods Restaurants . . . including . . . by "engaging, contracting with, and involving professionals, such as CPAs, attorneys, and marketing consultants, and by directing the logistics . . . ."  (FAC ¶¶ 19, 21).  The FAC also alleges that "by virtue of being parties to the Contract, Dolan and McGinty directed all Native Foods Restaurants . . . to continue to use Plaintiff's rights of publicity . . . ," and that the Individual Defendants directed trivial day to day issues such as menu location as well as "major decisions such as the decor and use of intellectual property" and "had a single interactive website for all Native Foods customers."  (FAC ¶¶ 69-71.)

Although it is not clear to the court how the Individual Defendant's actions necessarily flowed from their "being parties to

8

the Contract," neither can the court agree with Defendants that Plaintiff's allegations are boilerplate or conclusory.  Nor, at the pleading stage, can the court adopt Defendant's argument that, even if Plaintiff's allegations are true, this case "simply stems from an apparent oversight not from any direct action by the Individual Defendants."  (Reply at 5:6-7.)  Plaintiff alleges that the Individual Defendants made important decisions regarding marketing, decor, and intellectual property.  The FAC therefore plausibly alleges that the non-contract claims arising from the unauthorized use of Plaintiff's name and likeness were attributable to the Individual Defendants' actions.

**IV.  Conclusion**

For the reasons stated above, Defendants' Motion is GRANTED in part and DENIED in part.  The breach of contract claim against NFCal is DISMISSED, with prejudice.  Paragraph 123 of the FAC is STRICKEN.  With respect to the non-contract claims against the Individual Defendants, Defendants' motion is DENIED.  Plaintiff shall file an amended complaint reflecting the substance of this Order within fourteen days of the date of this Order.[7]

The parties' requests for sanctions are DENIED.  Nevertheless, the court expects the parties to proceed in a professional manner

//
//
//

---

[7] Although the court will not at this stage entertain requests to strike raised for the first time in Defendants' Reply (Reply at 5), the court does not expect the amended complaint to include allegations Plaintiff has now acknowledged to be tangential to her claims.

and in accordance with all applicable rules.  Further failures to comply may result in sanctions.

IT IS SO ORDERED.

Dated: September 13, 2016

DEAN D. PREGERSON
United States District Judge