O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MALCH a/k/a TANYA PETROVNA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL G. DOLAN, an individual; ANDREA McGINTY, an individual; NATIVE FOODS HOLDINGS CORPORATION; et al.,<br><br>　　　　　Defendants. | Case No. EDCV 15-00517 DDP (KKx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL AND GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES**<br><br>[Dkt. 185, 189, 200, 202] |

Presently before the court is Plaintiff's "Notice of Motion and Motion for New Trial" (Dkt. 189) and Defendant's Motion for Attorney Fees (Dkt. 185).  Having considered the submissions of the parties, the court denies Plaintiff's motion, such as it is, grants Defendants' motion, and adopts the following Order.

**I.　Discussion**

　　A.　Plaintiff's "Motion" for New Trial

　　Under Federal Rule of Civil Procedure 59, a motion to alter or amend a judgment, or a motion for a new trial, must be filed within twenty-eight days after the entry of judgment.  Fed. R. Civ. P.

59(a), (e).  In this case, on the twenty-eighth day after entry of judgment against Plaintiff, Plaintiff filed a "Notice of Motion and Motion for New Trial Under Rule 59(a) and to Alter or Amend the Judgment Under [Rule] 59(e)."  (Dkt. 189.)  Plaintiff's filing consisted of a half-page document stating that the "ground for the motion for a new trial is insufficiency of evidence for the jury to find" against Plaintiff.  Although the half-page notice stated that the motion was based upon Plaintiff's Memorandum of Points and Authorities, declarations in support thereof, supporting exhibits, and other court documents, Plaintiff did not attach or submit those, or any other, documents.  Defendants opposed the motion, and Plaintiff did not file a reply.

At oral argument, Plaintiff acknowledged that there was no evidence before the court upon which to grant Plaintiff a new trial.  Indeed, Plaintiff's notice of motion did not so much as "specify with particularity the respects in which the evidence is claimed to be sufficient."  C.D. Cal. L.R. 59-1.2.  Furthermore, the local rules of this district require that all notices of motion be accompanied by a "complete memorandum in support thereof and the points and authorities upon which the moving party will rely," along with "the evidence upon which the moving party will reply in support of the motion."  C.D. Cal. L.R. 7-5.  This Court may decline to consider a motion that fails to meet these requirements. C.D. Cal. L.R. 7-4.  As discussed on the record, Plaintiff did not file a timely (or untimely) motion for a new trial or motion to alter or amend the judgment.  To the extent Plaintiff argues that the "Notice of Motion" is sufficient to constitute such a motion,

the argument has no merit.  Plaintiff's motion for new trial, such as it is, is DENIED.

### B. Defendants' Motion for Attorney Fees

Defendants move for attorneys fees pursuant to the contract at issue in this case, as well as under California Civil Code § 3344. There appears to be no dispute that the settlement agreement underlying Plaintiff's breach of contract claim included a California choice of law provision and provided that "in the event of litigation relating to [the] agreement, the prevailing party shall be entitled to its/her reasonable fees and costs."  See Cal. Civil Code § 1717(a) ("In any action on a contract, where the contract specifically provides that attorney's fees and costs . . . shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees . . . ."); Bos v. Bd. of Trustees, 818 F.3d 486, 489 (9th Cir. 2016).  Section 3344 of the California Civil Code, which formed the basis of the Fifth Amended Complaint's Third Cause of Action, forbids unauthorized use of a person's name or likeness and, among other things, provides that the "prevailing party in any action under [Section 3344] shall also be entitled to attorney's fees and costs."  Cal. Civil Code § 3344(a).

Although Plaintiff asserts that Defendants seek a "ridiculous dollar figure," she provides no argument whatsoever as to why counsel's specific rates or hours expended are unreasonable.[1]  The

---

[1] The court notes that at the time of the hearing, Plaintiff had not filed any opposition at all to Defendants' motion for attorney's fees.  The court could have construed that failure as
(continued...)

3

court finds the evidence proffered by Defendants satisfactory on both accounts.[2] Instead, Plaintiff argues that (1) Defendants improperly seek attorney's fees related to all five of Plaintiff's causes of action, despite the fact that Defendants cite only two causes of action entitling them to fees, (2) Defendants cannot recover fees that were paid by Defendants' insurers, and (3) Defendants were not the prevailing party.[3]

    1. Apportionment

Plaintiff argues that "the fees and costs must be apportioned to the causes of action being moved upon." Plaintiff's argument is not persuasive. Although California Civil Code Section 1717 "only applies to attorney fees incurred to litigate [] contract claims," the California Supreme Court has explained that "[a]ttorney's fees

---

[1](...continued) consent to the granting of the motion. C.D. Cal. L.R. 7-12. As discussed on the record, counsel's claim that he was unable to file an opposition to the motion because of technical difficulties with his firm's computer system was not credible. The court nevertheless granted Plaintiff additional time to file a written opposition. Although Plaintiff did file an opposition, counsel repeated the assertion that he was hampered by technical difficulties. The court is no more convinced at this point than it was at the time of the hearing.

[2] As Defendants point out, these fees were higher than they otherwise might have been as a result of Plaintiff's counsel's litigation conduct, including conduct resulting in the imposition of monetary sanctions. Defendants also made three offers of judgment pursuant to Federal Rule of Procedure 68 in amounts ranging from $200,000 to $400,000. Defendants have not, however, sought sanctions against counsel. See 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

[3] The Fifth Amended Complaint asserted, in addition to causes of action for breach of contract and under California Civil Code Section 3344, claims for invasion of privacy, federal unfair competition, and common law trademark infringement.

4

need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." Santisas v. Goodin, 17 Cal. 4th 599, 615, 951 P.2d 399, 409 (1998); Reynolds Metals Co. v. Alperson, 25 Cal. 3d 124, 129 (1979).  Courts in this circuit, applying Section 1717, frequently decline to apportion fees when a plaintiff's claims are intertwined with contract claims. See, e.g., Linde, LLC v. Valley Protein, LLC, No. 116CV00527DADEPG, 2019 WL 4879206, at *2 (E.D. Cal. Oct. 3, 2019); Marcus v. Countrywide Home Loans, Inc., No. CV 17-950 PA (FFMX), 2017 WL 11286023, at *9 (C.D. Cal. Oct. 13, 2017) Makreas v. First Nat'l Bank of N. California, No. 11-CV-02234-JST, 2014 WL 2582027, at *4 (N.D. Cal. June 9, 2014); Gustafson v. U.S. Bank, No. CV 13-5916 PSG SHX, 2014 WL 302242, at *3 (C.D. Cal. Jan. 27, 2014).  Here, there is no doubt that all of Plaintiff's claims are intertwined.  As Defendants point out, the Fifth Amended Complaint incorporates the facts related to the alleged breach of contract into each of the five causes of action, and even Plaintiff's pre-trial documents identify evidence of "use of likeness," which Plaintiff alleged to constitute a breach of contract, as "key" to each of Plaintiff's five claims.  (Dkt. 131 at 8-9.)  Apportionment of fees is not required.

        2.   Insurer's participation

Plaintiff, relying entirely upon Nightingale v. Hyundai Motor Am., 31 Cal. App. 4th 99 (1994), argues that Defendants did not "incur," and therefore cannot recover, fees because "the responsibility for the litigation expenses fell on insurance companies, not the Defendants."  Nightengale, however, says no such

thing. Furthermore, courts have repeatedly rejected this argument. See Nemecek & Cole v. Horn, 208 Cal. App. 4th 641, 652 (2012) ("We also reject [the] contention that the attorney fee request should have been denied because the fees were paid by Lawyers Mutual rather than [the prevailing party] itself."), citing Staples v. Hoefke, 189 Cal.App.3d 1397, 1410 (1987) ("Plaintiffs were not entitled to avoid their contractual obligation to pay reasonable attorney fees based on the fortuitous circumstance that they sued a defendant who obtained insurance coverage providing a defense."); see also Lolley v. Campbell, 28 Cal. 4th 367, 373 (2002) ("[A]ttorney fees are incurred by a litigant if they are incurred in his behalf, even though he does not pay them.") (internal quotation and citation omitted).

### 3. Prevailing Party

Lastly, Plaintiff argues very briefly that Defendants were not the prevailing party. Plaintiff appears to suggest that even though the jury found for Defendants on each of Plaintiff's causes of action, Defendants nevertheless should not be considered the prevailing party because the jury found that Plaintiff proved some of the elements of some of her claims. This argument, which is not supported by any citation to authority, has no merit.

## II. Conclusion

For the reasons stated above, Plaintiff's Motion for New Trial is DENIED and Defendants' Motion for Attorney Fees is GRANTED. Defendants are hereby awarded reasonable attorney's fees and costs of $763,694, subject to supplementation for amounts incurred subsequent to the filing of the fee motion.

IT IS SO ORDERED.

Dated: July 3, 2020

DEAN D. PREGERSON
United States District Judge